## Louise C. Bunyan v.
## The Administrator, Unemployment Compensation Act

Superior Court          New Haven County          File No. 69052

Memorandum filed June 24, 1947.

*James F. Rosen,* of New Haven, for the Plaintiff.

*William L. Hadden,* Attorney General, and *Harry L. Silverstone,* Assistant Attorney General, for the Administrator.

ROBERTS, J.    This is an appeal by the plaintiff claimant from the decision of the unemployment commissioner denying claim for benefits under the act.

This matter previously came before this court and was heard by Judge O'Sullivan, and by his memorandum of decision filed March 18, 1947, it was decided that "the matter should be returned to the Commissioner to determine and add to the finding whether the normal condition of the labor market does or does not provide jobs suitable for plaintiff, within the hours she is willing to work."

The supplemental finding of facts was made by the commissioner on March 26, 1947 and is now before this court. The plaintiff, on April 1, 1947, filed with the commissioner a motion for correction of the finding, claiming certain corrections in the supplemental finding of facts, which was denied by the commissioner, and in connection therewith the evidence in both hearings before the commissioner has been certified to this court.

The plaintiff in her original reasons of appeal dated January 14, 1947, claimed error in the denial of the motion to correct the finding of facts. No supplemental reason of appeal claiming error in the denial by the commissioner of the motion to correct the supplemental finding of facts has been filed in this court since the decision of the commissioner thereon; nevertheless, the court will consider in that connection the motion for correction now on file.

Upon examination of the motion to correct the finding it is significant to note that the motion is in the negative. It does not ask for, nor claim that the evidence will support, a finding that there was a labor market for jobs suitable for the plaintiff for which she was qualified, and within the hours she was willing to work. The granting of the motion under those circumstances would avail the plaintiff nothing. The court, nevertheless, has reviewed the evidence pursuant to §§ 256 and 265a of the Practice Book and finds pursuant to § 353 that the supplemental finding of the commissioner is not subject to correction as claimed in the plaintiff's motion.

The other four reasons of appeal may be consolidated into the general proposition that the commissioner erred in concluding that the plaintiff in restricting her hours of employment from one to six p. m. has rendered herself unavailable for work and ineligible to receive benefits under the Connecticut unemployment compensation law.

It appears that the plaintiff, a married woman, was employed at Savin Rock on a temporary job in the summer of 1946. She worked between 7 p. m. and 12 midnight and earned $30 a week. The job terminated in the early part of October at the close of the summer season, and she would take no other job unless between the hours of 1 p. m. and 6 p. m., because of the fact that she had to care for her son during the other part of the day.

Judge O'Sullivan in his memorandum expressed the law clearly and succinctly as follows: "Eligibility for unemployment compensation benefits is predicated, in part, upon the availability of the claimant for work. This availability requirement is satisfied 'when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market.' *Rever* v. *Administrator,* 132 Conn. 647, 651. To place limitations on her availability for such suitable jobs as the normal labor

market provides is to circumscribe the unequivocal exposure to the market demanded of her by the statute as a condition for the reception of benefits. The test, then, is whether there is a market for Mrs. Bunyan's services during the hours she is willing to work. If there is such a market, she should be classified as available for work; otherwise, unavailable. See Benefit Series, U. C. I. S., 3588 N. C. A (Vol. 3, No. 6); 5172 N. J. A (Vol. 4 No. 1); 5460 Ohio A (Vol. 4, No. 3); 8702 N. C. R. (Vol. 7, No. 8)."

The supplemental facts which the commissioner has found and which this court has declined to correct are in part as follows: (5) "There were pending no part-time jobs comparable to what the plaintiff had been doing, or suitable to the plaintiff's requested hours, qualifications or experience. . . . (7) There was no labor market for part-time workers in jobs suitable for the plaintiff, or for which the plaintiff was qualified." This therefore, in accordance with the law, classifies the plaintiff as unavaiable for work and ineligible to receive benefits under the Connecticut Unemployment Compensation Law, as was decided by the commissioner.

The appeal is dismissed.